UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


MICHAEL K. RILEY,

   Plaintiff,

             Civil Action 2:13-CV-00911
  v.          Judge Edmund A. Sargus, Jr.
             Magistrate Judge Elizabeth Preston Deavers

CYNTHIA PICCIANO, et al.,

   Defendants.


## ORDER AND INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff Michael K. Riley, who is proceeding without the assistance of counsel, brings this action under Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 1210 *et seq*, and Title VII of the Civil Rights Act, 42 U.S.C. §2000e-2(a)(1). This matter is before the Court for consideration of Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*, which is **GRANTED.** (ECF No. 1.) This matter is also before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that this action be **DISMISSED**.

## I.    BACKGROUND

Plaintiff purports to assert claims against Cynthia Picciano, Kevin Brooks Sr., Alesia Gillison, Jerry McAfee, and Maurice Oldham, for actions he alleges were taken against him while he worked for the Columbus Board of Education. Specifically, Plaintiff alleges that he was suspended for three days and demoted, and points to general "harassment" and "discriminatory behavior" as the cause of the adverse employment actions. Plaintiff seeks wages lost due to his demotion and punitive damages in the amount of $1,000,000.

## II.    STANDARD

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent."  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).   In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'"  *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).   To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> *        *        *
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31.   Thus, § 1915(e) requires *sua sponte*

---

[1]Formerly 28 U.S.C. § 1915(d).

dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).  Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints."  *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, --- F.3d ----, No. 12-2620, 2013 WL 4081909, at *1 (6th Cir. Aug. 14, 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).  Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct."  *Flagstar Bank*, 2013 WL 4081909 at *2 (citations omitted).  Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by

3

lawyers.'"  *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2

(6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).


### III.    ANALYSIS

The Undersigned concludes that Plaintiff's Complaint must be dismissed. Plaintiff makes

the following factual allegations in his complaint:

> After a hearing when I was suspended for three days on Septem    ber 21,
> 2012 I m et  with Cynthia Picciano to    discuss the problem s  I've been
> having  with adm inistrative  personnel  since 2003[.] She s  aid she would
> look into it and get back to me with her results. She said if she found that I
> wasn't  at fault that she would corr   ect  the situation. Unfortunately after
> months of waiting nothing was do [sic] to resolve the matter.

(ECF No. 1.)

The Court is unable to discern from Plaintiff's statement what Defendants did, or failed to

do, to violate his rights. While Plaintiff purports to bring his claims under Title VII, which he

refers to as the "Equal Employment Opportunities Act" and the ADA, he does not provide

sufficient factual allegations to support a claim for relief under either statute. His Complaint is

unsupported by sufficient factual content to enable the Court to conclude that his Complaint states

a claim for relief against Defendants.   In fact, Plaintiff fails even to mention any of the other

Defendants he names, other than Ms. Picciano. As to Ms. Picciano, Plaintiff simply has failed to

state a claim for relief against her.   Accordingly, it is **RECOMMENDED** that Plaintiff's

Complaint be **DISMISSED** under 42 U.S.C. § 1915(e).

## IV.   PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.   28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.   *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).   Even when timely objections are filed, appellate review of issues not raised in those objections is waived.   *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED**


Date: September 23, 2013                         _____/s/ *Elizabeth A. Preston Deavers*
                                                               Elizabeth A. Preston Deavers
                                                               United States Magistrate Judge

5