UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MICHAEL K. RILEY,

        Plaintiff,

v.

CYNTHIA PICCIANO, et al.,
et al.

        Defendants.

Case No. 2:13-CV-00911
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth Preston Deavers

## OPINION AND ORDER

This matter is before the Court on Plaintiff Michael K. Riley's objection, doc. 9, to the Magistrate Judge's October 11, 2013 report and recommendation, doc. 6. For the reasons that follow, the Court **SUSTAINS** Plaintiff's objection to the report and recommendation.

### I.

Plaintiff works as a custodian for the Columbus City School District. *See* doc 1 at 2; doc. 5 at 1. He proceeds without the assistance of counsel and brings this action under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq. See* doc. 1-1. He made the following allegations in his initial complaint:

> After a hearing when I was suspended for three days on September 21, 2012 I met with Cynthia Picciano to discuss the problems I've been having with administrative personnel since 2003[.] She said she would look into it and get back to me with her results. She said if she found that I wasn't at fault that she would correct the situation. Unfortunately after months of waiting nothing was do[ne] to resolve the matter.

Doc. 2 at 2–3. The Magistrate Judge conducted an initial screen of Plaintiff's complaint in accordance with 29 U.S.C. § 1915(e)(2). She issued an according report and recommendation

1

concluding that Plaintiff failed to state a claim for relief. Doc. 3 at 4. She thus recommended dismissal. *Id.*

Plaintiff objected to the Magistrate Judge's first Report and Recommendation. *See* doc. 5; doc. 5-1 (additional response). As part of his objection, he submitted a more detailed explanation of the events leading up to his filing suit. Based on this, the Magistrate issued a second report and recommendation that was both favorable and unfavorable to Plaintiff. On one hand, the Magistrate Judge held that "Plaintiff's objections clarify the allegations he purports to make in his Complaint," and accordingly recommitted Plaintiff's claims for further screening. Doc. 6 at 1. The Magistrate Judge also held that Plaintiff could proceed "against Defendants Cynthia Picciano, Kevin Brooks, and Jerry McAfee." *Id.* On the other hand, she recommended that Plaintiff's claims against Defendants Alesia Gillison and Maurice Oldham be dismissed. *Id.* at 1–2. Plaintiff now objects to the Magistrate Judge's second Order recommending dismissal of Defendants Gillison and Oldham.

## II.

If a party objects within the allotted time to a report and recommendation, 28 U.S.C. § 636(b)(1) provides that a district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."

Magistrate Judge Deavers' second Order dismissed Defendants Gillison and Oldham under 28 U.S.C. § 1915(e)(2)(B)(ii). According to 28 U.S.C. § 1915(e), a court may dismiss an *in forma pauperis* litigant's case at any time if it determines that the litigant fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *Denton v. Hernandez*, 504 U.S.

25, 31 (1992). The Sixth Circuit applies Federal Rule of Civil Procedure 12(b)(6) standards to review whether a complaint states a claim upon which relief can be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii). See *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying the *Twombly–Iqbal* plausibility standard to a review under 28 U.S.C. § 1915(e)(2)(B)(ii)). Under these standards, a complaint must provide more than a recitation of the elements of a cause of action or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Instead, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

As an additional note applicable to this case, a *pro se* litigant's pleadings are to be construed liberally and have been held to less stringent standards than formal pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Even so, *pro se* plaintiffs must still comply with the procedural rules that govern civil cases. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *see also Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) ("Neither [the Supreme Court in *Haines v. Kerner*] nor other courts, however, have been willing to abrogate basic pleading essentials in *pro se* suits.").

### III.

In order to state a claim upon which relief can be granted, Mr. Riley's complaint must contain allegations that address "all the material elements to sustain a recovery under some viable legal theory." *Lewis v. ACB Bus. Services, Inc.*, 135 F.3d 389, 406 (6th Cir. 1998). In the context of a claim under the ADA, a plaintiff must allege facts demonstrating facial plausibility

3

of the following elements: "(1) that she or he is an individual with a disability, (2) who was otherwise qualified to perform a job's requirements, with or without reasonable accommodation; and (3) who was discriminated against solely because of the disability. The third element requires that the plaintiff suffer an adverse employment action." *Talley v. Fam. Dollar Stores of Ohio, Inc.*, 542 F.3d 1099, 1105 (6th Cir. 2008) (internal quotation marks omitted) (citations omitted).

The Magistrate Judge dismissed Plaintiff's claims against Defendants Gillison and Oldham. She explained that his claim alleged "only that they attended a hearing at which Plaintiff received a three day suspension." Doc. 6 at 2. Based on this, her second Order held that "[t]his single factual statement does not suffice to state any cognizable claim over which this Court would have jurisdiction." *Id.* Plaintiff now objects. He does so by providing more detail as to how his complaint under the Americans with Disabilities Act also applies to Defendants Gillison and Oldham. *See* doc. 9.

The Court agrees with Plaintiff's objection. It does so with a few caveats. First, the Court notes that it accepts several of Plaintiff's supplemental documents as his "pleadings" for the evaluation under 12(b)(6). *See* doc. 5 (objection to the Magistrate Judge's first report and recommendation, doc. 3); doc. 5-1 (attached to doc. 5 as an additional objection to the Magistrate Judge's first report and recommendation); doc. 9 (objection to the Magistrate Judge's second report and recommendation, doc. 6). Second, in fairness to the Magistrate Judge, the Court notes that the Magistrate Judge did not have one of these supplemental pleadings for the sake of her second Order. *See* doc. 9. Third, the Court cautions Plaintiff that, going forward, he will need to amend his complaint formally if he would like to make additional allegations.

4

With these caveats aside, and based on the totality of his pleadings and objections, Plaintiff does more than allege that Defendants Gillison and Oldham merely attended a hearing at which he received a three-day suspension. As to Defendant Oldham, Plaintiff alleges that he "continues to deny Mr. Riley access to work on lite duty program to this day," doc. 9; and that Defendant Oldham participated with Defendant Brooks in "harass[ing] him and forc[ing him] to work outside [his] parameters" when he came back to work, doc. 5-1 at 1. As to Defendant Gillison, Plaintiff alleges that she works as the principal of the building where he once worked. *See* doc. 9. He further alleges that she has "force[d] [the] head custodian to write un[-]warranted and bogus write ups that [Plaintiff] could not [have] done," *id.*, and that she

> harras[ed] [him] by using micro[-]managing techniques and surveillance using her cameras in her office on just [Plaintiff] to try to catch him doing something[. T]hen when she perceive[d] a[n] impropriety [she would] write it down as truth, just looking for something to retaliate on to send to her boss . . . at the human resource office."

Doc. 9.

These allegations—taken with his other allegations—state a facially plausible claim for a violation under the ADA. Taking, as is required, Plaintiff's pleadings as true, his allegations state a claim as to each of the three elements of a cause of action under the ADA. *See Talley v. Fam. Dollar Stores of Ohio, Inc.*, 542 F.3d 1099, 1105–10 (6th Cir. 2008). First, he alleges that he suffered a work-related injury that left him with a disability. *See* doc. 5 at 1 ("I had developed a[n] arthritis disability after a 2001 riding lawnmower accident to my lower back . . . ."); *see also Talley*, 542 F.3d at 1105 ("An individual is considered 'disabled' under the ADA if she (1) has a physical or mental impairment that substantially limits one or more of the major life activities of such individual, (2) has a record of such impairment, or (3) is regarded by her employer as having such an impairment." (internal quotation marks omitted)). Second, he alleges that he

5

would be able to work with "reasonable accommodations under [the] ADA." Doc. 9; *see also Talley*, 542 F.3d at 1105 ("(2) [Plaintiff must show he] was otherwise qualified to perform a job's requirements, with or without reasonable accommodation.").

Third, and most important to his objection, he ties the above two allegations to his disability. *See Talley*, 542 F.3d at 1105 ("(3) [Plaintiff] was discriminated against solely because of the disability."). He does so by alleging in part that Defendants have all worked to block him from "working light duty" and from workers' compensation. *See* doc. 5 at 1. He also does so by alleging that "several witnesses . . . within the administrative office" have told him that "people in the H.R. Dept. . . . think [he is] faking [his] disability, and that is what initiated the harassment and . . . retaliation." Doc. 5-1 at 1–2.

In short, Plaintiff's allegations state a claim as to Defendants Gillison and Oldham according to the three elements of a cause of action under the ADA. *Talley*, 542 F.3d at 1105–10; *see also Twombly*, 550 U.S. at 555 (noting that—as they do here—the factual allegations of a pleading "must be enough to raise a right to relief above the speculative level").

### IV.

For the foregoing reasons, the Court **SUSTAINS** Plaintiff's objection, doc. 9, and **OVERRULES** the Magistrate Judge's October 11, 2013 report and recommendation, doc. 6. Plaintiff may therefore proceed with his claim against Defendants Cynthia Picciano, Kevin Brooks, Jerry McAfee, Alesia Gillison, and Maurice Oldham.

**IT IS SO ORDERED.**

11-26-2013
DATE

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE

6