**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**MICHAEL K. RILEY,**

    **Plaintiff,**

    v.

**CYNTHIA PICCIANO,** *et al.***,**

    **Defendants.**

Civil Action 2:13-CV-00911
Magistrate Judge Elizabeth Preston Deavers

## OPINION AND ORDER

Plaintiff Michael K. Riley, who is proceeding without the assistance of counsel, brings this action under Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 1210 *et seq*, and Title VII of the Civil Rights Act, 42 U.S.C. §2000e-2(a)(1). Plaintiff alleges that the various Defendants violated his rights under the ADA by retaliating against him on the basis of his disability and denying his requests for reasonable accommodations. This matter is before the Court for consideration of Defendants' Motion for Judgment on the Pleadings (ECF No. 24), Plaintiff's Response in Opposition (ECF No. 27), and Defendants' Reply (ECF No. 28). For the reasons that follow, Defendants' Motion is **GRANTED**.

This matter is further before the Court for consideration of Defendants' Motion to Strike Plaintiff's Brief. (ECF No. 32.) On May 30, 2014, Plaintiff filed a document entitled "Notice of Brief Concerning Disabilities and Treatment," which consist of forty-five pages of exhibits, including medical records, leave requests, and Bureau of Workers' Compensation claims. (ECF

1

No. 30.) Defendants seek an Order striking the Brief, asserting that the document "does not seek apppriate relief and contains matters that are immaterial and impertinent." (Defs.' Mot. to Strike 1, ECF No. 32.) Defendants' Motion is **GRANTED**. The Court has informed Plaintiff that he is not entitled to further briefing on the pending Motion for Judgment on the Pleadings. (ECF No. 31.) Nor is Plaintiff entitled to submit additional evidence to support his opposition to Defendants' Motion. The Court therefore **STRIKES** Plaintiff's Brief. (ECF No. 30.)

**I.**

**A.  Plaintiff's Amended Complaint**

Plaintiff alleges the following facts in his Amended Complaint. (ECF No. 21.) For the purpose of Defendants' Motion for Judgment on the Pleadings, they are accepted as true. According to Plaintiff, he has an arthritic condition in his lower neck and lumbar spine which can leave him temporarily immobile. Plaintiff also indicates that he has a depression disorder. Plaintiff brings this action against Alesia Gillison, the principal of Eastmoor Academy High School and Kevin Brooks, the head custodian at Eastmoor Academy High School ("Eastmoor Defendants"), Cynthia Picciano, the Executive Director of Human Resources and Jerry McAfee, the assistant director of the Human Resources at the Columbus City Schools ("Human Resources Defendants"), and Maurice Oldham, the director of the Custodial Service Department in the Columbus City Schools. He asserts that the various Defendants retaliated against him in violation of the ADA.

**1.  Eastmoor Defendants**

According to Plaintiff, Ms. Gillison retaliated against him by forcing him to go on disability leave. He indicates that she used undercover surveillance to try and catch him doing something wrong. Plaintiff asserts that Ms. Gillison used a September 2012 disciplinary

2

hearing to harass and threaten to fire him if he would not go on disability leave. Plaintiff further contends that, while he was at Eastmoor, Mr. Brooks was disrespectful to him, threatened bodily harm against him, and assisted Ms. Gillison in making "bogus" write-ups against him. (Compl. 6, ¶ 4, ECF No. 21.)

### 2. Human Resources Defendants

Plaintiff contends that Ms. Picciano intentionally prevented him from working in the Transitional Work Program for injured workers in violation of the ADA. He asserts that her office has engaged in a conspiracy to retaliate against Plaintiff by punishing him unfairly, threatening him with bodily harm in an effort to coerce him into physical confrontation, and using video cameras to track his work activity in a way that was not done to other employees.

Plaintiff further asserts that Mr. McAfee tried to force Plaintiff to go on disability leave by intimidating, harassing, and threatening Plaintiff during a 2012 hearing. He posits that Mr. McAfee failed to provide him with reasonable work accommodations in violation of the ADA.

### 3. Maurice Oldham

Plaintiff asserts that Mr. Oldham has used his position to refuse Plaintiff's accommodation requests. He maintains that Mr. Oldham is working in collusion with the other Defendants to undermine Plaintiff's work record. According to Plaintiff, Mr. Oldham was involved in the 2012 hearing in which Plaintiff was given what he considers an unjust three-day suspension.

### B. Defendants' Motion for Judgment on the Pleadings

Defendants move for judgment on the pleadings on the ground that Plaintiff has failed to state a claim for relief under the ADA. They maintain that the allegations are general, conclusory, and "completely devoid of times, dates, places[,] and other circumstantial factors necessary to properly apprise each separate defendant of the claims against them." (Defs.' Mot.

3, ECF No. 24.) Defendants contend that, rather than providing each Defendant with notice of the allegations against them, Plaintiff has instead combined all of the Defendants together "under a general umbrella of retaliation or misconduct." (*Id.* at 4.) Defendants assert that Plaintiff does not specify the accommodations he requested that Defendants refused. According to Defendants, Plaintiff merely makes general allegations that Defendants harassed, threatened, and had problems with him, which is insufficient to state a claim under the ADA.

      Plaintiff opposes Defendants' Motion. In his Memorandum in Opposition, Plaintiff again asserts that Defendants have refused his accommodations and have blocked him from working for nearly one year. He indicates that an unnamed individual made threats of bodily harm against him in order to cause him to retaliate against that individual. Plaintiff sets out thirteen events from May 2002 through June 22, 2013, in which he believes the Defendants retaliated against him. He mentions a May 2002 grievance he filed and indicates that it caused Ms. Picciano's office to retaliate against him. Plaintiff objects to write-ups he received from March 2004 – May 2005, along with a one-day suspension he received in March 2004 for failing to clear snow at Champion Middle School. He further objects to a three-day suspension he received in 2004 for using profanity, noting that the other individual involved in the incident apologized and would testify that he did not use profanity. He disputes a five-day suspension he received in January 2004, noting that it resulted from a miscommunication. Plaintiff details a May 2005 food fight in the cafeteria during which a Vice Principal named Denise Edwards gave him a ten-day suspension for taking control of the situation. Plaintiff indicates that Ms. Edwards, who is not named as a Defendant in this case, falsified a record that Plaintiff yelled at her during a conference. Finally, Plaintiff asserts that Defendants blocked him from working due to his depression and that his employers denied his requests for reasonable accommodations.

4

In their Reply, Defendants again maintain that Plaintiff has failed to allege sufficient facts to put them on notice of the allegations against them. They note that Plaintiff mentions only one Defendant by name in his Memorandum in Opposition, and that he continues to combine all of the Defendants together in his allegations of retaliation. Finally, they contend that Plaintiff fails to specify the accommodations he claims to have requested and that were refused by Defendants.

## II.

Rule 12(c) of the Federal Rules of Civil Procedure allows a party to "move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The Court evaluates a motion filed under Rule 12(c) using the same standard as a Rule 12(b)(6) motion to dismiss. *Roth v. Guzman*, 650 F.3d 603, 605 (6th Cir. 2011). To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its

face.'"  *Id*. (quoting *Twombly*, 550 U.S. at 570).   Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*   "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct."  *Flagstar Bank*, 727 F.3d at 504 (citations omitted).

Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'"  *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'"  *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### III.

The Court concludes that Plaintiff's Amended Complaint fails to set forth sufficient facts to state a claim for which relief can be granted.   To state a claim for retaliation under the ADA, a plaintiff must prove by a preponderance of the evidence: "(1) that plaintiff engaged in an activity protected by Title VII; (2) that the exercise of her [or his] civil rights was known by the defendant; (3) that, thereafter, the defendant took an employment action adverse to the plaintiff; and (4) that there was a causal connection between the protected activity and the adverse employment action." *Barnett v. Dep't of Veterans Affairs*, 153 F.3d 338, 343 (6th Cir. 1998) (citing *Johnson v. U.S. Dep't of Health & Human Servs.*, 30 F.3d 45-7 (6th Cir. 1994) and *Canitia v. Yellow Freight Sys. Inc.*, 903 F.2d 1064, 1066 (6th Cir. 1990)).

Here, construing Plaintiff's Amended Complaint liberally, his general and conclusory statements are not sufficient to provide Defendants with notice of his claims and the relief he

seeks.  *See Frengler*, 482 F. App'x at 977 ("Even a *pro se* pleading must provide the opposing party with notice of the relief sought, and it is not within the purview of the district court to conjure up claims never presented.").  A request for reasonable accommodation related to a disability constitutes protected activity under the ADA.  *See Taylor v. Donahoe*, 452 F. App'x 614, 620 (6th Cir. 2011) (concluding that plaintiff engaged in protected activity when she requested reasonable accommodations).  Plaintiff does not, however, plead any facts to indicate that there was a causal connection between his requests for accommodation related to his disability and the adverse actions taken against him.  In fact, it is altogether uncertain when Plaintiff became disabled, when he requested reasonable accommodations, and what accommodations he requested.  Defendants are therefore not on notice of what actions Plaintiff alleges that they took in violation of the ADA.  Furthermore, Plaintiff's pleading does not identify whether some of the adverse employment actions, allegedly dating as far back as 2002, occurred before he even requested reasonable accommodations based on his alleged disability.  Even if Defendants took some adverse actions against him after he requested reasonable accommodations, this alone is insufficient to establish a causal connection between Plaintiff's protected activity and the adverse actions taken against him. *See Walborn v. Erie Cnty. Care Facility*, 150 F.3d 584, 589 (6th Cir. 1998) ("The fact that some of the allegedly retaliatory actions took place after [plaintiff] filed an EEOC charge is insufficient to establish the requisite causal connection") (citing *Cooper v. City of North Olmstead*, 795 F.2d 1265, 1272 (6th Cir. 1986)).

      Plaintiff also does not indicate the specific actions each Defendant took that could be construed as retaliation on the basis of his disability.  Specifically, Plaintiff does not provide what, if any, reasonable accommodations he requested as a result of his disability, when Defendants refused those accommodations, and their justification for refusing the same.  For

example, Plaintiff notes that his employer resolved an issue related to a promotion opportunity, but that the resolution "caused more retaliatory response[s] from Mrs. Picciano's office." (Mem. in Opp. 3, ECF No. 27.)  Plaintiff does not outline what those retaliatory responses were, whether or not Ms. Picciano and/or other Defendants were personally involved in those decisions, and how such retaliatory actions were caused, or even preceded, by his disability.

To be sure, Plaintiff's Amended Complaint does indicate that Defendants took adverse employment actions against him.  It does not, however, contain dates indicating when any of the events occurred, save his repeated mentions of a September 2012 conference.  Even Plaintiff's attempt to add dates in his Memorandum in Opposition does not clarify his allegations.  Plaintiff simply fails to allege when he became disabled, any employment actions that occurred after that date, and some sort of nexus connecting those events in a causal way.  Construing Plaintiff's Amended Complaint liberally, it does not set forth sufficient facts to provide Defendants with notice of his claims against them.  Accordingly, Defendants are entitled to judgment on the pleadings.

### IV.

For the reasons set forth above, Defendants' Motion for Judgment on the Pleadings is **GRANTED**.  (ECF No. 24.)  Plaintiff's Amended Complaint is **DISMISSED**.  The Clerk is **DIRECTED** to enter a final judgment in this action.

**IT IS SO ORDERED**

Date: August 25, 2014                         /s/ *Elizabeth A. Preston Deavers*
                                            Elizabeth A. Preston Deavers
                                            United States Magistrate Judge